Filed 6/25/21  P. v. Nguyen CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G059879 |
| v. | (Super. Ct. No. 08CF1842) |
| CUONG VIET NGUYEN, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Cheri T. Pham, Judge.  Affirmed.

Sharon G. Wrubel, under appointment by the Court of Appeal; and Cuong Viet Nguyen, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*                \*                \*

A jury convicted defendant Cuong Viet Nguyen of murder. The trial court sentenced him to life in prison without the possibility of parole. Defendant appealed and this court affirmed.

Following the passage of Senate Bill No. 1437 (2017-2018 Reg. Sess.), defendant petitioned for resentencing pursuant to Penal Code section 1170.95. (Unless otherwise noted, further statutory references are to the Penal Code.) The trial court summarily denied defendant's petition; defendant appealed. Appointed appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), setting forth the facts of the case and requesting we review the entire record. Pursuant to *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel identified potential issues to assist us in our independent review. We provided defendant 30 days to file written argument on his own behalf; he did so.

We have independently examined the entire record (*People v. Flores* (2020) 54 Cal.App.5th 266), appointed counsel's *Wende/Anders* brief, and defendant's supplemental brief. We have found no reasonably arguable issue and therefore affirm. (*Wende, supra*, 25 Cal.3d 436.)

## BACKGROUND[1]

"Both defendant and Bui were present at the All Star Café in Stanton on the evening of June 25, 2005. A fight between a group of defendant's friends and a group of Bui's friends broke out inside the club about 1:00 a.m. on June 26. Bui was among those thrown out of the club by security after the fight. As Bui walked toward the parking lot, two men who had been watching him argue with the security guards rushed toward Bui

---

[1] Defendant requests that we take judicial notice of this court's unpublished opinion in *People v. Nguyen* (May 12, 2011, G043644). Pursuant to Evidence Code sections 451 and 459, we grant the request. The facts set forth herein are taken from that opinion.

and struck him with belts.  Others got involved in a fight between Bui's group of friends and defendant's group of friends outside the club.

"While the fight was going on in the parking lot, defendant and his girlfriend, Thuy Nguyen, went to defendant's car.  (Because defendant and his girlfriend share the same last name, we will refer to her as Thuy.  We intend no disrespect.)  Defendant believed he saw his friend Phat being 'attack[ed].'  *Defendant retrieved a gun from the glove compartment, placed it behind his back, and ran toward the fight.  He shot the person fighting with Phat, '[b]ecause I was afraid for his life that they were going to kill him or they were going to hurt him really bad.'  Defendant fired his gun multiple times, striking Bui six times*.  Defendant and Thuy got into defendant's car and drove off.

"Orange County Deputy Sheriff Daniel Jacobs was conducting a traffic stop nearby, and heard gunshots.  Deputy Jacobs arrived at the scene, and found Bui lying face down in the parking lot.  Bui was bleeding profusely, and was not breathing.  He died as a result of the gunshot wounds.  Another victim, Michael Vu Le, had been shot in the right arm.

"In March 2006, investigators obtained and served a search warrant on Thuy's residence.  Defendant was at Thuy's residence and was questioned by the police after the search was conducted.  Defendant told the police that Thuy had told him she left the club before the shooting, and that he had not been there.  Defendant left town the next day, threw away his gun, and moved to Arizona.

"In June 2008, defendant was arrested in Phoenix, Arizona, in connection with Bui's murder.  Defendant initially told the Arizona police he had left the All Star Café before the shooting occurred.  Defendant had changed his name while in Arizona.

"At trial, defendant offered the testimony of an expert witness on the fight or flight response.  The expert testified that a civilian involved in a shooting might suffer from acute stress disorder or posttraumatic stress disorder.  The expert also testified a person confronted with what he or she perceives as a threatening situation might

3

experience a psychophysiological response known as 'fight or flight.' This stress response might lead to memory loss, and to tunnel vision. The expert testified that in shooting situations, the shooting is often not the product of conscious thought; he agreed on cross-examination that the fight or flight response does not eliminate free will, and that every shooting does not cause the person to suffer from acute stress disorder or posttraumatic stress disorder. The expert's testimony was limited to general opinions; he did not offer any opinions as to defendant's response to stress in general or on the night of the shooting.

"Defendant was charged with one count of murder and one count of attempted murder. (Pen. Code, §§ 187, subd. (a), 664, subd. (a).) The information alleged he personally discharged a firearm causing death or great bodily injury (*id.*, §§ 12022.53, subd. (d), 1192.7, 667.5), and alleged a prior strike (*id.*, §§ 667, subds. (d), (e)(1), 1170.12, subds. (b), (c)(1)). A jury found defendant guilty of second degree murder, and found true the firearm allegation. In a bifurcated proceeding, the trial court found true the prior strike allegation. Defendant was sentenced to a total term of 55 years to life in prison. Defendant timely appealed." (*People v. Nguyen, supra*, G043644, italics added.)

This court affirmed the judgment, but vacated the true finding on the prior strike allegation and remanded the matter for a retrial of this allegation. On remand, the trial court struck the strike allegation and sentenced defendant on the murder conviction to 15 years to life, plus 25 years to life under section 12022.53, subdivision (d).

**PROCEDURAL HISTORY**

In December 2020, defendant filed a petition for resentencing under section 1170.95. That petition included a request for appointment of counsel. The trial court, without appointing counsel, summarily denied the petition by minute order: "The petition does not set forth a prima facie case for relief under the statute. A review of court records indicates defendant is not eligible for relief under the statute because the

4

defendant does not stand convicted of murder or defendant's murder conviction(s) is not based on felony-murder or on a natural and probable consequences theory of vicarious liability for aiders and abettors." Defendant filed a notice of appeal.

## ANALYSIS

In the *Wende/Anders* brief, defendant's appellate counsel suggests we consider the following issues:

1. Whether the protections of *Anders* and *Wende* apply to an appeal from an order denying a section 1170.95 petition.

2. If the protections of *Anders* and *Wende* do not apply to the summary denial of a section 1170.95 petition, whether the court should conduct an independent review of the record in the interests of justice.

3. Whether defendant was entitled to appointment of counsel pursuant to section 1170.95, subdivision (c), before the trial court ruled on his petition.

4. Whether the trial court erred in considering defendant's record of conviction in determining whether he had made a prima facie showing of eligibility for relief under section 1170.95.

In defendant's supplemental brief, he suggests we consider the following issues:

5. Whether the trial court erred by summarily denying his section 1170.95 petition without appointing counsel.

6. Whether the trial court erred by summarily denying his section 1170.95 petition without allowing proper briefing in violation of defendant's constitutional rights.

7. Whether the trial court erred by summarily denying his section 1170.95 petition by determining he had not been convicted pursuant to the natural and probable consequences doctrine.

In *People v. Flores* (2020) 54 Cal.App.5th 266, 273-274, another panel of this court concluded that while an appellate court is not required to independently review

5

the record on an appeal from a postjudgment order summarily denying a section 1170.95 petition, it is not prohibited from doing so and, in the interests of justice, it should do so. This resolves issues 1 and 2.

As to issues 3 and 5, in *People v. Lewis* (2020) 43 Cal.App.5th 1128, 1140, review granted March 18, 2020, S260598, the appellate court determined that the trial court, in considering a section 1170.95 petition, is required to appoint counsel for a petitioner "after the court determines that the petitioner had made a prima facie showing that petitioner 'falls within the provisions' of the statute, and before the submission of written briefs and the court's determination whether petitioner has made 'a prima facie showing that he or she is entitled to relief.'"

However, in *People v. Cooper* (2020) 54 Cal.App.5th 106, 109, review granted November 10, 2020, S264684, another appellate court held that "the right to counsel attaches upon the filing of a facially sufficient petition that alleges entitlement to relief." The failure to appoint counsel in the line of cases following *People v. Cooper* is harmless error if the petitioner is ineligible for relief as a matter of law. (*People v. Daniel* (2020) 57 Cal.App.5th 666, 673, review granted Feb. 24, 2021, S266336; *People v. Cooper, supra*, 54 Cal.App.5th at p. 109.) As will be explained *post*, any error by the trial court in failing to appoint counsel was harmless because defendant was ineligible for relief as a matter of law in this case.

The trial court did not err by considering the record of conviction, including our prior opinion, in determining that defendant had not made a prima facie showing of eligibility for relief under section 1170.95. (*People v. Gomez* (2020) 52 Cal.App.5th 1, 15, review granted Oct. 14, 2020, S264033; *People v. Lewis, supra*, 43 Cal.App.5th at pp. 1137-1139.) This resolves issue 4.

Defendant failed to make a prima facie showing that he falls within the provisions of section 1170.95 because the record of conviction makes clear that defendant was not convicted based on felony murder or the natural and probable

6

consequences doctrine. To the contrary, defendant was the actual killer, and therefore is not eligible for relief under section 1170.95 as a matter of law. (*People v. Tarkington* (2020) 49 Cal.App.5th 892, 899, review granted Aug. 12, 2020, S263219.) This resolves issue 7.

Finally, as to issue 6, defendant is only entitled to additional briefing beyond his own petition if he makes a prima facie showing that he is eligible for relief under section 1170.95. (See *People v. Lewis, supra,* 43 Cal.App.5th at p. 1140 [under the chronological structure of § 1170.95, appointment of counsel and briefing follow the trial court's determination that the petitioner has made a prima facie showing of eligibility].) As explained *ante*, defendant failed to make a prima facie showing, and therefore the trial court's summary denial order which foreclosed additional briefing did not violate defendant's constitutional rights.

We have reviewed the record in accordance with *Wende* and *Anders*, and we find no arguable issues on appeal. (*People v. Kelly* (2006) 40 Cal.4th 106, 110, 120, 124.)

### DISPOSITION

The postjudgment order is affirmed.

FYBEL, J.

WE CONCUR:

O'LEARY, P. J.

THOMPSON, J.

7